IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE STEVIE VARNER, | No. 4:19-CV-01667 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN DOUGLAS K. WHITE, | |
| Respondent. | |

MEMORANDUM OPINION

APRIL 16, 2021

Petitioner Theodore Stevie Varner, a prisoner presently incarcerated at the Low Security Correctional Institution at Allenwood, in White Deer, Pennsylvania filed this petition for writ of habeas corpus under 28 U.S.C. § 2241,[1] which challenges the validity of his conviction based on *Rehaif v. United States*.[2] The Court issued an order to show cause why the petition should not be granted.[3] The Respondent has filed an answer and a supplement to the answer,[4] and Petitioner has filed a reply.[5] As such, the petition is ripe for disposition. For the reasons expressed below, this Court will deny the petition.

---

[1] Doc. 1.
[2] --- U.S. ---, 139 S. Ct. 2191 (2019)
[3] Doc. 7.
[4] Docs. 10, 20.
[5] Doc. 12.

I.      BACKGROUND

Petitioner was convicted by jury trial on March 1, 2011, in the United States District Court for the District of Minnesota of a violation of 18 U.S.C. § 922(g)(1), which prohibits any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year from, *inter alia*, from possessing a firearm for conduct that occurred in September 2010.  He was subsequently sentenced to 235 months' imprisonment.[6]  The federal indictment detailed Petitioner's history of three previous drug trafficking convictions in 1994, 1996, and 2002, each of which were punishable by prison terms exceeding one year.[7]

Prior to trial, the Government noticed its intent to pursuant to Federal Rule of Evidence 609 to introduce evidence of Petitioner's prior criminal convictions that were punishable by imprisonment in excess of one year.[8]  Appended to that notice as an exhibit are some of Petitioner's prior criminal complaints and judgments of conviction.[9]  The first criminal complaint, filed August 2, 1999, charged one count of possession of firearm by ineligible person which, according to the complaint, is punishable by imprisonment for a term exceeding one year.[10]  A second criminal complaint was issued arising from the same incident, filed January 10, 2000, which

---

[6]  Doc. 1 at 11.  According to the Federal Bureau of Prisons' website, Petitioner is scheduled to be released on October 16, 2027.
[7]  *See* Doc. 10, ex. 1.  *See also* No. 10-cr-294, Doc. 11 (D. Minn.).
[8]  *See* No. 10-cr-294, Doc. 42 (D. Minn.).
[9]  *See* No. 10-cr-294, Doc. 42-1 (D. Minn.).
[10]  *Id.*

charged eleven counts that are punishable by imprisonment for a term exceeding one year.[11] Those offenses ranged from possession of a firearm by an ineligible person to kidnapping.[12] According to the judgments of conviction, Petitioner was found guilty by a jury of counts 10 and 11 of the second criminal complaint, possession of a firearm by ineligible person,[13] and unlawfully selling narcotic drugs, specifically cocaine.[14] He was sentenced on March 17, 2000 to 75 months' imprisonment with a minimum term of incarceration 50 months for both counts and to be consecutive to each.[15] For reasons unexplained in Petitioner's criminal trial record, he was resentenced on those charges on September 10, 2002 to 50 months for each count, to run concurrent, with no further time to serve.[16]

At trial, the parties stipulated that Petitioner had been convicted of an offense punishable by imprisonment for a term exceeding one year.[17] During Petitioner's sentencing, Petitioner exercised his right to elocution and stated as follows:

---

[11] *Id.*

[12] *Id.*

[13] It appears that under Minnesota law, Petitioner was prohibited from possessing a firearm within ten years after the expiration of a sentence of conviction for violating the state's controlled substance law. Petitioner was within this ten-year prohibition period as a result of his conviction for selling cocaine, a violation of the Minnesota controlled substance law, for which he remained imprisoned through 2002, when Petitioner was arrested in the instant matter in 2010. *See* Doc. 42-1.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *See* No. 10-cr-294, Docs. 47 at 3 (motion *in limine* regarding prior bad acts in which Petitioner agrees to stipulate that he had been convicted of a crime punishable by imprisonment for a term exceeding one year); 41 at 19 (petitioner's proposed jury instructions), 44 at 13 (prosecution's proposed jury instructions) (D. Minn.). Although the

> I'm a man.  You all seen my – you looked at my record.  I've got all of these felony convictions and points because I took a plea bargain for me because I own up to my stuff.[18]

Petitioner then filed a direct appeal, arguing that the evidence was insufficient to demonstrate that he knowingly possessed a firearm because there was no forensic evidence linking him to the firearm.[19]  In affirming the conviction, the United States Court of Appeals for the Eighth Circuit detailed the events described at trial, specifically law enforcement officers' pursuit of the vehicle in which Petitioner was a passenger, the subsequent foot chase that occurred when Petitioner fled the vehicle, and the recovery of the weapon on the ground where Petitioner had fallen after officers captured him.[20]  At no point on appeal did Petitioner argue that he was not a qualified felon under § 922(g).  The Supreme Court of the United States denied *certiorari*.

Petitioner also filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, arguing that his counsel was ineffective at sentencing; on appeal, however, such motion was denied.[21]  Petitioner then sought permission from the Eighth Circuit to file a second or successive § 2255 motion; such motion was also denied.[22]

---

court does not have access to Petitioner's trial transcripts, there is no doubt that the parties stipulated to the first element of § 922(g), and Petitioner makes no argument to the contrary.
[18]  No. 10-cr-294, Doc. 76 (sentencing transcript) (D. Minn.).
[19]  *See United States v. Varner*, 678 F.3d 653, 655-56 (8th Cir. 2012).
[20]  *Id.* at 655-56.
[21]  Doc. 1 at 4.
[22]  *Id.* at 12.

In the instant § 2241 petition and supporting brief, Petitioner argues that his conviction should be reversed "because the indictment did not allege and no evidence was offered at trial that he belonged to a category of persons barred by 18 U.S.C. § 922(g)(1)."[23]  Petitioner explains in a declaration attached to the petition that "[a]t no time prior to my arrest and subsequent prosecution in federal court did I know or was aware that I was not permitted to possess a firearm or ammunition, and such possession whether constructive or actual would violate federal laws."[24] Petitioner neither alleges nor declares that he was not, in fact, convicted of a crime punishable by more than a year in prison.[25]

## II. DISCUSSION

Petitioner seeks relief on the ground that his conviction is unconstitutional in light of *Rehaif v. United States*.  *Rehaif* held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[26]  Relevant here, *Rehaif* does not require the government to prove that the defendant actually knew of the prohibition from possessing a firearm to sustain a conviction under § 922(g)(1):

> The question here concerns the scope of the word "knowingly." Does it mean that the Government must prove that a defendant knew both

---

[23]  Doc. 1 at 7.
[24]  *Id.* at 10.
[25]  *See generally* Docs. 1 (petition and brief), 12 (traverse).
[26]  139 S. Ct. at 2200.

that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)?  We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status.  To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.[27]

Thus, while the Government's burden includes proof that the defendant was aware of his "relevant status," meaning knowledge that he was "a felon, an alien unlawfully in this country, or the like,"[28] it does not include proof that the defendant specifically knew that he was prohibited from possessing firearms.[29]

A motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is the presumptive means for a federal prisoner to challenge the validity of a conviction.[30]  There is an exception to this rule under 28 U.S.C. § 2255(e), which provides:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

To fall within this exception, Petitioner would need to establish (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the

---

[27] *Id.* at 2194.
[28] *Id.* at 2195-96.
[29] *See, e.g.*, *United States v. Bowens*, 938 F. 3d 790, 796-97 (6th Cir. 2019) ("*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code.").
[30] *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017).

criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review.[31]  To establish actual innocence under this standard, "a petitioner must 'demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'"[32]  In making a determination under this standard, a district court considers what a reasonable, properly instructed juror would do in light of all the evidence.[33]

Respondent is correct in noting that Petitioner would need to establish actual innocence to challenge his conviction in a habeas petition under § 2241.  Petitioner's argument that he never admitted and does not recall being advised that he could not possess a firearm[34] does not meet the actual innocence standard because there is other evidence in the record to establish the knowing element.[35]

On January 22, 2000, Petitioner was found guilty by jury in the Second Judicial District of the State of Minnesota of unlawfully possessing a firearm by a felon and unlawfully selling narcotic drugs; he was sentenced on September 10, 2002 to fifty months' imprisonment on both counts, to run concurrently.[36]  The

---

[31] *Id.* at 180.
[32] *Id.* at 184 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted)).
[33] *Id.*
[34] *See* Doc. 1 at 15.
[35] *See Bousley*, 523 U.S. at 624 (actual innocence standard requires a showing of factual innocence in light of all the evidence, and the Government "is permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's" criminal proceedings).
[36] No. 10-cr-294, Doc. 42-1 at 10 (D. Minn).

Government could have presented the judgment and sentence for these convictions to the jury in Petitioner's federal trial. The Government could have also established at trial the fact that Petitioner served more than one year of imprisonment for these crimes prior to September 2010. Respondent also details numerous other felony convictions dating back twenty years prior to Petitioner's federal conviction, all of which were identified in Petitioner's pre-sentence investigation report; these convictions would have also been presented at trial.[37]

A reasonable and properly instructed juror would likely conclude Petitioner knew at the time he possessed a firearm in September 2010 that he had previously been convicted of crimes punishable by more than one year in prison.[38] There was ample evidence that could have been produced at trial to demonstrate Petitioner's qualification under § 922(g); indeed, the criminal complaints and judgments of conviction leave no doubt that Petitioner was convicted of offenses punishable by more than a year in prison. Petitioner has therefore failed to establish his actual innocence.

---

[37] *See* Doc. 20 at 4.

[38] *See United States v. Sanabria-Robreno*, 819 F. App'x 80, 83 (3d Cir. 2020) (finding substantial evidence that defendant knew he was a convicted felon when he possessed a firearm because he previously pled guilty to crimes carrying maximum penalties between five and fifteen years imprisonment and actually served more than one year in prison); *United States v. Bryant*, 976 F.3d 165, 174–75 (2d Cir. 2020) ("we have upheld felon-in-possession convictions after *Rehaif* where the defendant had actually served more than one year in prison on the prior conviction.")

## III.     CONCLUSION

For the foregoing reasons, the Court will deny the petition writ of habeas corpus.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge